UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TONY GARCIA,

    Plaintiff,

v.                                        Case No. 5:21-cv-226-RH/MJF

WHITE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

In this section 1983 action, Plaintiff Tony Garcia alleges that after he filed a grievance against correctional officers and informed an assistant warden of threats made by the correctional officers, the officers attacked Garcia. Garcia also alleges that he received inadequate medical care for injuries he suffered during this attack. Because Garcia's fifth amended complaint fails to state a claim as to several causes of action, the District Court should dismiss with prejudice the following claims:

- Garcia's Eighth-Amendment claim of deliberate indifference to a serious medical need against Defendant Jorge Dominicis;

- any claims Garcia is asserting against Defendant Kevin Sidebottom;

- Garcia's claims under the Americans with Disabilities Act of 1990 ("ADA"); and

- Garcia's claims under the Rehabilitation Act of 1973 ("RA").

Page 1 of 13

## I. BACKGROUND

In his fifth amended complaint, Garcia is suing eight defendants, *only in their individual capacities*:

1. White, a correctional officer at the Graceville Correctional Facility ("GCF");

2. Sabrevia Snell, a correctional officer at the GCF;

3. David Long, a correctional officer at the GCF;

4. Cloud, the assistant warden at the GCF;

5. Dr. J. Alvarez, a physician at the GCF;

6. Manthey, a nurse at the GCF;

7. Jorge Dominicis, the chief executive officer of "WellPath Medical" ("Wellpath")[1]; and

8. Kevin Sidebottom, the chief executive officer of The GEO Group, Inc.

Doc. 19 at 2-3, 14-15.[2]

---

[1] Although Garcia names "Jorge Dominics" as a defendant, "Jorge Dominicis" is the chief executive officer of Wellpath. Apparently the Florida Department of Corrections contracted with Wellpath to provide medical care to inmates housed in the GCF.

[2] According to Garcia, White, Snell, Long, and Cloud are employed by The GEO Group, Inc., and Dr. J. Alvarez and Manthey are employed by Wellpath. Doc. 19 at 2-3, 14-15.

Garcia alleges that at the time of the events underlying his claims, he "was a paraplegic with Stage 4 gastric cancer and weighed about 100 pounds." *Id.* at 5. In May 2018, correctional officers transported Garcia from the GCF to "Bay Sacred Heart Hospital" because of "internal bleeding." *Id.* During Garcia's stay in the hospital, correctional officers White and Snell "relieved the officers on duty" in Garcia's room.[3] *Id.* White allegedly "pulled his firearm from his holster, pointed it at [Garcia and a nurse] and chambered a round." *Id.* The nurse ran from the room and called for "security." Doc. 19 at 5. A security officer at the hospital came into Garcia's room and then exited with White. *Id.* When White reentered Garcia's room, White and Snell threatened Garcia "with harm if he told anyone about the incident with the firearm." *Id.*

Garcia later filed an "emergency grievance" about the incident at the hospital. *Id.* Garcia alleges that Cloud interviewed Garcia about the incident and promised Garcia that White and Snell "would be kept away from" Garcia. *Id.* at 5-6.

A few days later, on June 2, 2018, White, Snell, and Long approached Garcia in his cell. Doc. 19 at 6. White allegedly struck Garcia, which knocked Garcia out of his bunk and onto his wheelchair. *Id.* Snell "got on" Garcia's back and push him

---

[3] Although Garcia does not provide White's Christian name, Garcia alleges that White "is a black male about 5'7" to 5'8" tall." Doc. 19 at 5.

into the wheelchair while Long grabbed Garcia's left arm and "contort[ed] it palm up." *Id.*

White then grabbed Garcia's right arm, "contorted it out[,] and hit it with his hand, which snapped [Garcia's] elbow." *Id.* Garcia began screaming, "begging for mercy," and "explaining that his elbow was broken." *Id.* Garcia alleges that White nevertheless continued to strike him. Doc. 19 at 6.

After placing Garcia in handcuffs, White, Snell, and Long took Plaintiff to "medical." *Id.* Once at medical, Garcia alleges that Manthey, a nurse at the GCF, asked Garcia if he had declared "a medical emergency for his stomach's gastric cancer." *Id.* at 16. Garcia responded that he had not called a medical emergency for that reason, and Manthey notified "the correctional officers" that "she was done." *Id.* Garcia alleges that Manthey did not examine or provide medical care for his elbow. *Id.*

According to Garcia, correctional officers then took Garcia to a "confined shower" in the "confinement housing." Doc. 19 at 16. Garcia stated that he needed medical attention for his elbow, which had swelled "to triple its size." *Id.* White and Snell allegedly responded, "That's what snitches get for writing grievances." *Id.*

Garcia later told a sergeant at GCF "about his elbow." *Id.* Garcia alleges that at that time his elbow "was discolored and swollen to more than three times the size of" his other elbow. *Id.* The sergeant called a medical emergency. Doc. 19 at 16.

Manthey responded to the medical emergency. *Id.* at 17. Garcia alleges that after describing for Manthey the attack that caused his injury, Manthey encouraged Garcia to claim that the injury was caused by a fall. *Id.* Manthey then gave Garcia a compression bandage for his elbow. Garcia alleges that Manthey, Snell, and Long "filed false inmate disciplinary reports stating [Garcia] attacked them." *Id.* Garcia does not allege when they filed these reports.

Garcia was finally examined by Dr. J. Alvarez—a physician at the GCF—after Garcia "continuously complained about the pain in his elbow." *Id.* Dr. Alvarez refused "to have an x-ray or scan done of [Garcia's] elbow" and instead advised Garcia not to move his elbow. Doc. 19 at 17. Garcia alleges that his elbow remained "discolored and . . . swollen to more than three times the size" of his other elbow. *Id.*

Several weeks later, correctional officers transported Garcia to the "Jackson Hospital" for internal bleeding.[4] *Id.* According to Garcia, Dr. Alvarez told a physician at the Jackson Hospital not to treat Garcia's elbow. *Id.* When Garcia returned to the GCF, Dr. Alvarez allegedly stated that Wellpath's corporate policies limit spending on medical costs. *Id.* at 18.

---

[4] Garcia alleges that before he was transported to Jackson Hospital, he "went on a hunger strike in an attempt to receive treatment for his elbow." Doc. 19 at 17. It is unclear if Garcia's hunger strike and internal bleeding are related, or if the internal bleeding was a result of Garcia's gastric cancer.

Correctional officers later transported Garcia to the Lake Butler Regional Medical Center. Doc. 19 at 18. The staff there "did an x-ray" of Garcia's elbow, and Garcia alleges that the x-ray image showed that his elbow was fractured. *Id.* The staff also provided Garcia an arm brace and pain medication. *Id.*

On June 2, 2022, Garcia filed a fifth amended complaint. Doc. 19. He asserts (1) a First-Amendment retaliation claim against White, Snell, and Long; (2) an Eighth-Amendment excessive-force claim against White, Snell, and Long; (3) an Eighth-Amendment failure-to-protect claim against Cloud; and (4) an Eighth-Amendment claim of deliberate indifference to a serious medical need against Manthey, Dr. Alvarez, and Dominicis. *Id.* at 5-7, 16-18. Garcia no longer attempts to assert a claim against Sidebottom or claims under the ADA and the RA.

## II. STANDARD

Because Garcia is a prisoner, this court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2019). Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as

true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (citation omitted).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than the mere possibility that the defendant acted unlawfully. *Id.* That is, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint also must provide facts sufficient to associate a defendant with the alleged misconduct. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008); 5 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & A. BENJAMIN SPENCER, FEDERAL PRACTICE & PROCEDURE § 1234 at 440, 449 (4th ed. 2021) (noting that a complaint is defective if it "fails to connect the defendant with the alleged wrong").

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But federal courts "cannot act as de facto counsel or

rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

### III. DISCUSSION

A.   <u>**Garcia Fails to Allege a Plausible Claim Against Dominicis**</u>

The undersigned assumes that Garcia intended to sue Jorge Dominicis—the chief executive officer of Wellpath—because Garcia included Dominicis's name in the heading of his claim of deliberate indifference to a serious medical need. Doc. 19 at 16-18. Garcia, however, did not connect allegations of deliberate indifference to Dominicis. The closest Garcia comes to asserting Dominicis's liability is Garcia's allegation that Wellpath's corporate policies limited the amount that could be spent on treating Garcia's elbow and internal bleeding. *Id.* at 18. Alleging that Wellpath has a policy of limiting medical costs simply is too vague to plausibly allege that Dominicis is individually liable for violating Garcia's Eighth-Amendment right to adequate medical care. *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1277 (11th Cir. 2020); *Reynolds v. Wagner*, 128 F.3d 166, 175 (3d Cir. 1997).

To the extent Garcia is attempting to hold Dominicis liable as a supervisor of Wellpath employees, section 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or *respondeat superior*. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Supervisors are liable under section 1983 only "when the supervisor personally participates in the alleged constitutional

violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation." *Id.* (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)). Garcia has not alleged that Dominicis personally participated in any violation of Garcia's constitutional rights or that there is a causal connection between Dominicis's actions and a violation of Garcia's constitutional rights.

It is worth noting that Garcia has not attempted to assert an official-capacity claim against Dominicis.[5] The undersigned previously explained to Garcia that to establish section 1983 liability against Wellpath, Garcia must plausibly allege "(1) that his constitutional rights were violated; (2) that [Wellpath] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see* Doc. 7 at 9-12; Doc. 11 at 9-11.

Garcia's vague reference to Wellpath's corporate policies of limiting costs is insufficient to plausibly allege such a policy or custom violated Garcia's Eighth-Amendment rights. *See Johnson v. Darnell*, 781 F. App'x 961, 964 (11th Cir. 2019) (holding that the plaintiff's allegations were "too conclusory" to plausibly allege that

---

[5] As noted above, Garcia does not actually assert any factual allegations against Dominicis, and Garcia is suing Dominicis only in Dominicis's individual capacity. Doc. 19 at 15.

the defendants "acted according to a policy or custom of deliberate indifference to constitutional rights"); *Gurrera v. Palm Beach Cnty. Sheriff's Off.*, 657 F. App'x 886, 893 (11th Cir. 2016) (same); *see also Craig v. Floyd Cnty.*, 643 F.3d 1306, 1311 (11th Cir. 2011) ("A single incident of a constitutional violation is insufficient to prove a policy or custom . . . .").

The undersigned advised Garcia—three times—that he must assert allegations against each named defendant. Doc. 7 at 9; Doc. 11 at 8-9; Doc. 15 at 8-9. Despite having five opportunities to supplement and clarify his allegations, Garcia has failed to assert a plausible claim against Dominicis—in either his individual or his official capacity. Because the undersigned has afforded Garcia multiple opportunities to attempt to state a claim against Dominicis, and Garcia has failed to state a claim upon which relief can be granted, the District Court should dismiss with prejudice Garcia's Eighth-Amendment claim of deliberate indifference to a serious medical need against Dominicis.

**B.     Garcia Fails to Allege a Plausible Claim Against Sidebottom**

Garcia also fails to assert any allegations or state any claims against Sidebottom. Garcia merely names Sidebottom as a defendant in his complaint. Doc. 19 at 15.

To the extent that Garcia is attempting to hold Sidebottom liable as a supervisor of the defendants that are employees of The Geo Group, Inc., Garcia has

failed to allege a plausible claim to support such liability. Garcia has not alleged that Sidebottom personally participated in violating Garcia's constitutional rights or that there is a causal connection between Sidebottom's actions and a violation of Garcia's constitutional rights. *Keating*, 598 F.3d at 762 (quoting *Gonzalez*, 325 F.3d at 1234). Thus, Garcia has failed to satisfy the "*extremely rigorous*" standard for holding a supervisor liable in his individual capacity. *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1266 (11th Cir. 2010) (emphasis added).

Despite the undersigned's warnings to Garcia and despite the undersigned affording Garcia five opportunities to supplement and clarify his allegations, Garcia has failed to correct this deficiency. Doc. 7 at 9; Doc. 11 at 8-9; Doc. 15 at 8-9. Another opportunity to amend clearly would be futile. The District Court, therefore, should dismiss with prejudice any claim Garcia is asserting against Sidebottom.

### C.     Garcia Fails to Allege a Plausible Claim Under the ADA and the RA

Garcia asserts that he "seeks an injunction and damages under" the ADA and the RA. Doc. 19 at 7. But Garcia provides no factual support for these claims. He also does not separate out each of these claims and specify against which defendant he is asserting each particular claim. Garcia, therefore, has failed to state a plausible claim for relief under the ADA and the RA. *Douglas*, 535 F.3d at 1322; WRIGHT, MILLER & SPENCER, *supra*, § 1234 at 440, 449

The undersigned advised Garcia—three times—that he must provide factual support for each claim he asserts, and that he must identify the particular defendant against whom he is asserting those claims. Doc. 7 at 9; Doc. 11 at 8-9; Doc. 15 at 8-9. Despite the undersigned's warnings and five opportunities to supplement and clarify his allegations, Garcia has failed to correct these deficiencies. The District Court, therefore, should dismiss with prejudice Garcia's claims under the ADA and the RA.

## IV. Conclusion

The undersigned respectfully **RECOMMENDS** that the District Court, under 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted, **DISMISS** with prejudice:

1. Garcia's Eighth-Amendment claim of deliberate indifference to a serious medical need against Defendant Jorge Dominicis;

2. any claims Garcia is asserting against Defendant Kevin Sidebottom;

3. Garcia's claims under the Americans with Disabilities Act of 1990; and

4. Garcia's claims under the Rehabilitation Act of 1973.

At Pensacola, Florida, this 15th day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**