UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TONY GARCIA,

    Plaintiff,

v.                                          Case No. 5:21-cv-226-RH/MJF

WHITE, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

In this section 1983 action, Plaintiff Tony Garcia alleges that Defendant Wilton Cloud was deliberately indifferent to the risk of serious harm posed by two correctional officers who threatened and later attacked Garcia. Cloud moves to dismiss Garcia's Eighth-Amendment claim of deliberate indifference to a risk of serious harm because Garcia failed to exhaust his administrative remedies and failed to state a plausible claim for relief. Doc. 38. Garcia responded in opposition. Doc. 52. Because Garcia failed to exhaust his administrative remedies, the District Court should grant Cloud's motion to dismiss and dismiss Garcia's claim against Cloud without prejudice.

**I. BACKGROUND**

Garcia alleges that at the time of the events underlying his claim against Cloud, he was confined at the Graceville Correctional Facility ("GCF"), "was a

paraplegic with Stage 4 gastric cancer[,] and weighed about 100 pounds." Doc. 33 at 5. In May 2018, correctional officers transported Garcia from GCF to "Bay Sacred Heart Hospital" because of "internal bleeding." *Id.*

During Garcia's hospital stay, Defendants White and Sabrevia Snell—correctional officers at GCF—allegedly "relieved the officers on duty" in Garcia's room. *Id.* White then allegedly "pulled his firearm from his holster, pointed it at [Garcia and a nurse] and chambered a round." *Id.* The nurse ran from the room and called for "security." *Id.* A security officer at the hospital came into Garcia's room and then exited with White. Doc. 33 at 5. When White reentered Garcia's room, White and Snell threatened Garcia "with harm if he told anyone about the incident with the firearm." *Id.*

Garcia filed with GCF an "emergency grievance" about this incident. *Id.* Garcia alleges that Cloud interviewed Garcia about the incident and promised Garcia that White and Snell "would be kept away from" Garcia. *Id.* at 5–6.

But a few days later, on June 2, 2018, White, Snell, and another correctional officer, Defendant David Long, approached Garcia in his cell. *Id.* at 6. White allegedly "hit" Garcia "in the back," which knocked Garcia out of his bunk and onto his wheelchair. Doc. 33 at 6. Snell then "got on" Garcia's back and pushed him into the wheelchair while Long grabbed Garcia's left arm and "contort[ed] it palm up." *Id.*

White then grabbed Garcia's right arm, "contorted it out[,] and hit it with his hand, which snapped [Garcia's] elbow." *Id.* Garcia began screaming, "begging for mercy," and "explaining that his elbow was broken." *Id.* Garcia alleges that White nevertheless continued to strike him. *Id.*

In his sixth amended complaint, Garcia asserts that Cloud violated the Eighth Amendment because Cloud was deliberately indifferent to a substantial risk of serious harm. Doc. 33 at 6. Specifically, Garcia asserts that Cloud failed "to prevent" Snell and White "from working in [Garcia's] housing area" after Garcia notified Cloud that Snell and White had threatened Garcia. *Id.* at 5–6.

Cloud now moves to dismiss Garcia's Eighth-Amendment claim of deliberate indifference to a substantial risk of serious harm because Garcia failed to exhaust his administrative remedies.[1] Doc. 38.

## II. STANDARD

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a section 1983 action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015). Exhaustion of such remedies is a mandatory precondition to suit. *Ross v.*

---

[1] Because the undersigned recommends that the District Court dismiss Garcia's claim for failure to exhaust his administrative remedies, a dismissal that would be *without prejudice*, the undersigned does not address Cloud's motion as to the plausibility of Garcia's claim, which would operate as a dismissal *with prejudice*.

*Blake*, 578 U.S. 632, 638 (2016); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Varner v. Shepard*, 11 F.4th 1252, 1258 (11th Cir. 2021).

Furthermore, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Varner*, 11 F.4th at 1260. "Proper exhaustion 'means using all steps that the agency holds out, and doing so *properly* . . . .'" *Varner*, 11 F.4th at 1260 (quoting *Woodford*, 548 U.S. at 90). The agency, not the PLRA, determines the proper method of exhaustion. *Jones*, 549 U.S. at 218 (noting that inmates must comply with "applicable procedural rules" that are defined "by the prison grievance process itself"); *Woodford*, 548 U.S. at 90 (noting that proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules").

The Florida Department of Corrections' ("FDC") grievance procedure is a three-step process: an inmate must (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). Fla. Admin. Code R. 33-103.005 to -103.007; *see Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

Failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *See Jones*, 549 U.S. at 216; *Varner*, 11 F.4th at 1257. Exhaustion is analyzed in two steps at the motion-to-dismiss stage. First, a

"district court must . . . determine whether the complaint should be dismissed for lack of exhaustion 'tak[ing] the plaintiff's version of the facts as true.'" *Varner*, 11 F.4th at 1258 (quoting *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). Second, if the complaint is not subject to dismissal at the first step, the court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant v. Rich*, 530 F.3d 1368, 1373–74, 1376 (11th Cir. 2008)). The court then "decide[s] whether under those findings the plaintiff has exhausted his available administrative remedies." *Varner*, 11 F.4th at 1258 (quoting *Turner*, 541 F.3d at 1082–83).

### III. DISCUSSION

Cloud asserts that Garcia failed to exhaust his administrative remedies as to his Eighth-Amendment claim against Cloud. Doc. 38 at 8–9. Specifically, Cloud asserts that because Snell and White allegedly attacked Garcia on June 2, 2018, Garcia was required to file a grievance as to Cloud's alleged deliberate indifference to a risk of serious harm on or before June 22, 2018. *Id.* at 8. Cloud provides two filings in support of his motion.

First, Cloud attached to his motion to dismiss a copy of Garcia's grievance history and a declaration from The Geo Group, Inc.'s interim grievance coordinator, Nicholas Bechtel. Doc. 38-1. Bechtel's declaration states that the only grievance Garcia filed in June 2018 related to medical issues. *Id.* at 1. The informal grievance

did not mention a use of excessive force or Cloud's alleged deliberate indifference to a serious risk of harm. *Id.* Bechtel's declaration further states that Garcia has appealed the resolution of only six informal grievances, none of which relate to a grievance filed in June 2018. *Id.* Garcia's grievance history confirms this. *Id.* at 2–4.

Second, Cloud provided a declaration from Alan McManus, the FDC's Bureau Chief of Policy Management and Inmate Appeals, and a copy of the only grievance filed by Garcia between May 1, 2018 and August 31, 2018. Doc. 80-1. Although portions of the grievance are redacted, the grievance clearly sets forth Garcia's dissatisfaction with the alleged lack of medical treatment at GCF in June 2018. *Id.* at 2. The grievance was returned to Garcia because, according to the FDC, it was "not a grievance." *Id.* Garcia did not appeal. *See* Doc. 38-1 at 4.

In his response in opposition, Garcia alleges that when the FDC transported him to the hospital at some point in 2018, unnamed correctional officers took and secured his property, including the grievance he filed detailing the alleged incident at the hospital and the "use of excessive force." Doc. 52 at 1. Given that the grievance allegedly existed at the time of the hospital visit, that hospital visit presumably occurred after the "late May 2018" hospital visit underlying some of Garcia's claims. Garcia also alleges that he was transported without his property from the hospital to a correctional institution other than GCF. *Id.* Garcia does not

identify the other correctional institution. Garcia alleges that his property was never returned to him, despite "numerous attempts" to obtain it. *Id.*

Garcia does not allege that he ever filed a grievance related to Cloud's deliberate indifference. Garcia merely alleges that he filed a grievance about the alleged hospital incident and the alleged use of excessive force. *Id.* There is no indication from Garcia's sixth amended complaint or response in opposition that he exhausted his administrative remedies as to his Eight-Amendment claim against Cloud. Thus, Garcia's claim should be dismissed at *Turner*'s first step.

Garcia's Eighth-Amendment claim also should be dismissed at *Turner*'s second step because Bechtel's declaration, McManus's declaration, and Garcia's grievance history demonstrate that Garcia failed to exhaust his administrative remedies as to Cloud. On June 18, 2018, Garcia filed an informal grievance related to medical issues. Doc. 38-1 at 1–2; Doc. 80-1 at 2. Garcia's informal grievance did not mention a use of excessive force or Cloud's alleged deliberate indifference. Doc. 38-1 at 1; Doc. 80-1 at 2. Even if Garcia's informal grievance had addressed Cloud's alleged deliberate indifference, Garcia failed to follow the FDC's grievance appeal process to fully exhaust his administrative remedies. Doc. 38-1 at 4; *see* Fla. Admin. Code R. 33-103.005 to -103.007; *Parzyck*, 627 F.3d at 1218.

Furthermore, Garcia's allegations that he was separated from his property and thus unable to exhaust his administrative remedies contradicts the allegations in his

sixth amended complaint, which Garcia signed under penalty of perjury. Doc. 33 at 12. Garcia alleged that he filed a grievance after the June 2, 2018 use of force by Snell, White, and Long. *Id.* at 16. Garcia also alleged that after the alleged use of force he remained at GCF for "several weeks" on hunger strike. *Id.* Garcia further alleged that after "several weeks" on hunger strike, he was transported to "Jackson Hospital" and then transported back to GCF after receiving treatment. Thus, Garcia's allegations in his sixth amended complaint indicate that he had sufficient time to file a grievance as to Cloud's alleged deliberate indifference.

## IV. CONCLUSION

Because Cloud has carried his burden of demonstrating that Garcia failed to exhaust his administrative remedies as to his Eighth-Amendment claim against Cloud, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Defendant Wilton Cloud's motion to dismiss. Doc. 38.

2. **DISMISS** without prejudice Plaintiff Tony Garcia's Eighth-Amendment claim of deliberate indifference to a substantial risk of serious harm against Defendant Cloud.

At Pensacola, Florida, this 21st day of March, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**