IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TONY GARCIA,

    Plaintiff,

v.                               CASE NO. 5:21cv226-RH-MJF

DR. JORGE ALVAREZ,

    Defendant.

_____/

**ORDER DISMISSING THE CLAIMS
AGAINST DR. ALVAREZ AND
DIRECTING ENTRY OF JUDGMENT**

    The plaintiff Tony Garcia's sixth amended complaint—the pleading now before the court—names eight defendants: Kendrick White, David Long, Sabrevia Snell, K. Matheny, Wilton Cloud, Dr. J. Alvarez, Jorge Dominics, and Kevin Sidebottom. *See* ECF No. 33. Earlier versions of the complaint named other defendants, but the claims against them have been dismissed or abandoned.

    Prior orders have dismissed the sixth amended complaint's claims against five defendants: Mr. White (ECF No. 140), Mr. Long, Ms. Snell, and K. Matheny (ECF No. 118), and Mr. Cloud (ECF No. 91).

A sixth defendant, Dr. Alvarez, has moved for summary judgment on the ground that Mr. Garcia failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). The motion is before the court on the magistrate judge's report and recommendation, ECF No. 142. No objections have been filed.

Under the law of the circuit, failure to exhaust is properly raised by motion to dismiss, not by motion for summary judgment. *See Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (treating exhaustion in a prisoner case as a matter in abatement properly raised by motion to dismiss). The report and recommendation correctly concludes this motion should be so treated and should be granted. Mr. Garcia failed to exhaust his administrative remedies and has not shown he was blocked from doing so.

This leaves for consideration the sixth amended complaint's naming of Mr. Dominics and Mr. Sidebottom as defendants. The June 15, 2022 report and recommendation, which addressed the fifth amended complaint, concluded that all claims against Mr. Dominics and Mr. Sidebottom should be dismissed. *See* ECF No. 20. Mr. Garcia did not object. The July 7, 2022 order dismissed all claims against them. *See* ECF No. 22. Mr. Garcia had not sought leave to amend the claims against them and did not seek leave in response to the July 7 order. They were out of the case.

The sixth amended complaint lists Mr. Dominics and Mr. Sidebottom as defendants but does not mention them again. *See* ECF No. 33. It thus is unclear whether the sixth amended complaint attempts to assert a claim against them. Moreover, each of the sixth amended complaint's three counts identifies the defendants against whom the count asserts a claim. No count identifies Mr. Dominics or Mr. Sidebottom.

To be sure, count three says it asserts a claim against "WellPath CEO," even though the sixth amended complaint does not name "WellPath CEO" as a defendant. This is perhaps a reference to Mr. Dominics. *See* ECF No. 33 at 15; *see also id.* at 14 (alleging Mr. Dominics was WellPath's CEO).

Count three includes only three substantive allegations about WellPath. First, count three alleges "Dr. Alvarez informed the Plaintiff that WellPath's corporate policies of limiting spending on high cost such as the Plaintiff prevented him from providing the Plaintiff with the care to properly treat his elbow"—the injury at the center of Mr. Garcia's claims—as well as internal bleeding caused by unrelated cancer. ECF No. 33 at 17. Second, count three alleges "Dr. Alvarez informed him that due to cost WellPath would not send the Plaintiff to an outside care provider unless the injury was life threatening." *Id*. Third, count three alleges Mr. Garcia "continues to suffer from the injuries inflicted by [other defendants]

and WellPath and [its] employees including Dr. Alvarez [who] continues to deny Mr. Garcia treatment and therapy for his elbow and internal bleeding." *Id*.

Even if the reference to the WellPath CEO were deemed a reference to Mr. Dominics and considered on the merits—despite the earlier dismissal without leave to amend—it is clear Mr. Garcia would not be able to recover against WellPath or Mr. Dominics. They would prevail on the same exhaustion defense that has been held fatal to the claims against other defendants. So would Mr. Sidebottom. And it is also clear the sixth amended complaint would fail to state a claim against Mr. Dominics or Mr. Sidebottom in their individual capacities. The sixth amended complaint does not allege their personal involvement in any of this.

In sum, Mr. Garcia cannot recover against any of the defendants.

IT IS ORDERED:

1.  The report and recommendation is accepted.

2.  Dr. Alvarez's motion for summary judgment, ECF No. 138, is treated as a motion to dismiss for failure to exhaust administrative remedies and is granted.

3.  The claims against Dr. Jorge Alvarez are dismissed for failure to exhaust administrative remedies.

4.  The clerk must enter judgment stating, "All claims against all defendants are dismissed."

5.  The clerk must close the file.

SO ORDERED on May 30, 2024.

                                          <u>s/Robert L. Hinkle</u>
                                          United States District Judge.